**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHARON D. LEWIS,

      Plaintiff,

                                  Case No. 13-12649

v.

                                  HONORABLE DENISE PAGE HOOD

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

      Defendants.

_____/

## ORDER REGARDING VARIOUS MOTIONS FILED BY PLAINTIFF

This matter is before the Court on Plaintiff Sharon D. Lewis' Motion to File in the Traditional Manner, Motion for Default Judgment and Motion for Leave to Appeal. On June 17, 2013, Defendants removed the action from the Oakland County Circuit Court asserting the Court had federal question and diversity jurisdiction over Plaintiff's Complaint.

Plaintiff, proceeding *pro se,* seeks to file in the traditional manner because she does not have access to the ECF system. A party proceeding *pro se* is not required to file papers electronically, unless the *pro se* party first seeks permission to do so. Appx. ECF, R3. Plaintiff has not sought permission to file papers electronically. Plaintiff may continue to file in the traditional manner.

Plaintiff filed a Motion for Default Judgment under Rule 55(b) of the Rules of Civil Procedure claiming that Defendants failed to plead or otherwise defend the action. The entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment. *Shepard Claims Serv., Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986). Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

must enter the party's default." Fed. R. Civ. P. 55(a).  Plaintiff has not filed a request for a clerk's entry of default as required under Rule 55(a).  The Court is unable to consider Plaintiff's Motion for Default Judgment under Rule 55(b).  The Motion for Default Judgment is denied without prejudice.

Plaintiff filed a Notice of Appeal to the Sixth Circuit Court of Appeals on July 1, 2013, seeking review of the Court's Orders granting Defendants' Motions for Extension of Time to Answer dated June 27, 2013 and June 28, 2013.  Absent certification for an interlocutory appeal under 28 U.S.C. § 1292(b) or Rule 54(b) of the Rules of Civil Procedure, an order disposing of fewer than all parties or claims in an action is non-appealable. *William B. Tanner Co. v. United States,* 575 F.2d 101 (6th Cir. 1978).  The Orders granting an extension of time in which Defendants may file an Answer or otherwise respond to Plaintiff's Complaint do not dispose of any party or claim in this action.  The Court denies Plaintiff's Motion  for Leave to Appeal this Court's Orders granting Defendants' Motion for Extension of Time to File an Answer.  Accordingly,

IT IS ORDERED that Plaintiff's Motion to File in the Traditional Manner **(Doc. No. 6)** is MOOT since Plaintiff, proceeding *pro se,* is not required to file electronically.  Plaintiff may continue to file in the traditional manner.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment as to All Defendants **(Doc. No. 7)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Appeal **(Doc. No. 13)** is DENIED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  July 10, 2013

2

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 10, 2013, by electronic and/or ordinary mail.

                            s/LaShawn R. Saulsberry
                            Case Manager