**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHARON D. LEWIS,

    Plaintiff,

v.

Case No. 13-12649

Honorable Denise Page Hood

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, SETERUS, INC.,
and BANK OF AMERICA,

    Defendants.

                                        /

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**and**
**ORDER DISMISSING ACTION**

**I.     BACKGROUND**

This matter was removed from the Oakland County Circuit Court, State of Michigan on June 17, 2013. Plaintiff Sharon D. Lewis, proceeding *pro se*, filed a Complaint for Injunctive and Other Equitable Relief on May 20, 2013 against Defendants Federal National Mortgage Association ("FNMA"), Seterus, Inc. and Bank of America. (Comp., ¶¶ 4-6) On June 1, 2001, Plaintiff executed a promissory note in the principal amount of $129,600, with a mortgage to America Wholesale Lender (trade name of Countrywide Home Loans, Inc.) and a monthly payment of $917.30. (Comp., ¶ 7) The property at issue is commonly known as 23140 Wildwood, Oak Park, Michigan 48237. (Comp., ¶ 7) Countrywide subsequently assigned the mortgage to Bank of America, BAC Home Loans Servicing, L.P. (Comp., ¶ 7) The property was then deeded to FNMA, with Seterus as the servicer. (Comp., ¶ 17) Plaintiff alleges the following claims: 1) fraud; 2) lack of standing on the

foreclosing entity; 3) violation of the Deceptive Practices Act; 4) violation of the Real Estate Settlement Procedures Act ("RESPA"); violation of the Federal Debt Collection Practices Act ("FDCPA"); and violation of M.C.L. § 500.2109. (Comp., ¶ 8) Plaintiff seeks rescission of an illegal and void mortgage and note and damages under the Truth in Lending Act ("TILA"). (Comp., ¶¶ 9 & 9)

Plaintiff asserts that Bank of America provided misleading mortgage principal balance since 2009. (Comp., ¶ 12) Bank of America refused to correct the problem and in October 2011, transferred the ownership to Seterus, leaving Plaintiff with a materially false and misleading statements regarding the principal balance and modification, which Seterus refused to correct. (Comp., ¶ 12) Plaintiff contacted Bank of America who informed Plaintiff she did not have an account with them and could not give Plaintiff a modification, even though a letter indicates Bank of America could do so. (Comp., ¶ 14) Seterus began foreclosure proceedings. (Comp., ¶ 14) Seterus notified Plaintiff that the loan was in default in the amount of $11,876. (Comp., ¶ 15) Plaintiff asserts that the October 2, 2012 modification would have taken care of all of the non-payment and late fees. (Comp., ¶ 16) Seterus sent Plaintiff another modification notice on October 8, 2012. (Comp., ¶ 16) Plaintiff called Seterus indicating it was not fair that she would have to pay the back fees of $11,876.00 and that she was supposed to receive a modification based on her income. (Comp., ¶ 16) Seterus informed Plaintiff that she did not qualify for a modification based on her income and Plaintiff refused to sign the proposed modification agreement. (Comp., ¶ 16) Plaintiff asserts that Seterus is not the proper foreclosing party since Seterus was not a party to the original mortgage contract documents and not named as a payee on the note. (Comp., ¶ 19)

This matter is before the Court on Defendants FNMA and Seterus' Motion to Dismiss the

2

Complaint for failure to state a claim upon which relief may be granted. Defendant Bank of America also moves to dismiss and concurs in FNMA and Seterus' Motion to Dismiss. Plaintiff did not file a response to these motions, but instead filed a Motion for Summary Judgment, which the Court also considers as a response to the Defendants' Motions to Dismiss. All Defendants filed a response to Plaintiffs' Motion for Summary Judgment. A hearing was held on the matter on November 13, 2013.

## II.      ANALYSIS

### A.      Standard of Review

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility

3

of 'entitlement to relief.'" *Id.* at 557.  Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).  The court primarily considers the allegations in the complaint, although matters of public record and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  *Celotex Corp.*, 477 U.S. at 322-23.  A court must look to the substantive law to identify which facts are material.

*Anderson*, 477 U.S. at 248.

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

### B.     Rescission

Defendants assert that Plaintiff's claim of rescission is without any basis since rescission is not a remedy available to Plaintiff.

In Michigan, a party seeking rescission of a contract must establish three elements: 1) a timely assertion of the right to rescind; 2) a tender of the consideration and benefits received; and, 3) a demand for repayment of any price paid. *Two Men and a Truck/International Inc. v. Two Men and a Truck/Kalamazoo, Inc.,* 949 F. Supp. 500, 507 (W.D. Mich. 1996). A party seeking rescission must tender back the property received in exchange for the consideration sought to be recovered, so as to restore the original status quo. *Peppler v. Peppler Agency, Inc.,* 2011 Mich. App. LEXIS 2207 (Mich. App. Dec. 13, 2011).

Liberally construing Plaintiff's Complaint, the Court finds Plaintiff fails to state a claim for rescission. Plaintiff does not offer to tender the consideration and benefits received. Plaintiff instead asserts that the foreclosure of the property at issue is invalid. Any claim for rescission must be dismissed.

### C.     Standing

Defendants FNMA and Seterus argue they have standing to foreclose on the property at issue. Defendants assert that the foreclosure proceedings are valid. Plaintiff claims Defendants

FNMA and Seterus have no authority to foreclose on the property.

The Michigan Supreme Court has made clear that under Michigan's foreclosure by advertisement statute, M.C.L. § 600.3204(1)(d), a mortgage granted to a lender's successors and assigns, is a valid and assignable mortgage. *Residential Funding Co., LLC v. Saurman,* 490 Mich. 909, 910 (2011)(MERS had an interest in the indebtedness as the record-holder of the mortgage which authorized MERS to foreclose by advertisement under the statute.). M.C.L. § 4304(e) states that "if the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L. § 4304(e).

The mortgage was assigned to FNMA on April 12, 2012, as evidenced by the public record in the Oakland County Register of Deeds on May 10, 2012. (Doc. No. 19, Ex. 4) The foreclosure proceedings commenced on May 7, 2013. FNMA was the record owner of the property at the time the foreclosure proceedings commenced for more than a year from the assignment date of April 12, 2012. Plaintiff in her Complaint asserts that FNMA owned the note and that Seterus was the servicer. (Comp., ¶ 7) Plaintiff's claim that neither FNMA nor Seterus could properly foreclose on the property fails to state a claim upon which relief may be granted. Plaintiff's claim that the foreclosing party lacks standing must be dismissed.

### C.     **Modification/Statute of Frauds/Misrepresentation**

Defendants assert that Plaintiff's misrepresentation claim as to modification fails to state a claim under Michigan's statute of frauds. Plaintiff asserts that Defendants FNMA and Seterus misrepresented their modification offer to Plaintiff because the modification offer was not based on her income.

Michigan's statute of frauds, MCL § 566.132(2), requires an institution lending money to make any promises in writing. In this case, Plaintiff has failed state a claim that Defendants FNMA and Seterus agreed to offer her a modification based on her income. Such promises by a lending institution must be in writing. Plaintiff admitted in her Complaint that she rejected the modification offer because it was not based on her income. Based on her admission that the modification offer was rejected by Plaintiff, any claim as to the modification of her loan must be dismissed for failure to state a claim upon which relief may be granted.

### D. Misrepresentations/Fraud Claims

Plaintiff alleges that Defendants Bank of America, FNMA and Seterus misrepresented the amount of the principal of her loan and that they failed to correct the misrepresentations and fraud. All Defendants argue that the fraud claims fail to state a claim under the Rules of Civil Procedure and Michigan law.

The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003). Under Michigan law, which must meet Rule 9(b) requirements, must allege: 1) the defendant made a material misrepresentation; 2) the representation was false; 3) when the defendant made the representation, the defendant knew it was false or made it recklessly, without knowledge of its truth as a positive assertion; 4) the defendant made the representation with the intention that the plaintiff would act upon it; 5) the Plaintiff acted in reliance upon it; and 6) the Plaintiff suffered damages. *Cummins v. Robinson Twp.,* 283 Mich. App. 677, 695-96 (2009); *Hennigan v. Gen. Elec. Co.,* 2010 WL 3905770, *14 (E.D. Mich. 29, 2010).

7

A review of the Complaint shows Plaintiff failed to allege the fraudulent scheme involved and the fraudulent intent of the Defendants, with specificity. Even construing Plaintiff's Complaint liberally, Plaintiff fails to allege the time, place and content of the alleged misrepresentation, other than conclusorily alleging the principal amount was misrepresented. Plaintiff's misrepresentation and fraud claims against all Defendants must be dismissed.

### E.     Truth In Lending Act

Plaintiff mentions TILA in her Complaint. Defendants argue that there are no facts alleged to support a TILA claim.

TILA, 15 U.S.C. § 1601 *et seq.,* "was enacted to promote the informed use of credit by consumers requiring meaningful disclosure of credit terms." *Begala v. PNC Bank, Ohio, N.A.,* 163 F.3d 948, 950 (6th Cir. 1998). Generally, a violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The one-year period is subject to equitable tolling under limited circumstances. *Jones v. Transohio Savings Assoc.,* 747 F.2d 1037, 1041 (6th Cir. 1984). The one-year period will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation. *Jones,* 747 F.2d at 1041.

In this case, Plaintiff asserts that the note and mortgage were issued in 2001. Any TILA claim by Plaintiff as to the note and mortgage at issue is time-barred.

### F.     Fair Debt Collection Practices

Plaintiff also mentions the FDCPA in her Complaint. Defendants argue that they are not debt collectors under the Act.

The Fair Debt Collection Practices Act, 15 U.S.C. § 1601 *et seq.* governs a "debt collectors"

8

actions. Creditors, mortgagors and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA. *See Givens v. HSBC Mortg. Serv.,* 2008 WL 419099 at *1 (E.D. Mich. Aug. 26, 2008)(unpublished). The FDCPA exempts any person from collecting or attempting to collect any debt owed or due or asserted concerning a debt which was not in default at the time it was obtained by such person. 15 U.S.C. § 1692a(6)(F).

Here, Plaintiff alleges that Defendants are either mortgagors or servicing companies. Because Defendants are not debt collectors under the FDCPA, any claim by Plaintiff under the FDCPA against Defendants must be dismissed.

### G. RESPA

Plaintiff notes RESPA in her Complaint. Defendants argue there are no facts alleging a violation under RESPA.

Section 2605 of RESPA requires a loan servicer to respond to a borrower's inquiries within 60 days when it receives a qualified written request ("QWR") from the borrower. 12 U.S.C. § 2605(e)(2). The servicer shall conduct an investigation and then, if applicable: 1) make corrections to the borrower's account; 2) provide a statement of the reasons for why the servicer believes the borrower's account is correct; 3) provide contact information that the borrower may call for assistance; 4) provide the borrower with the information requested; or 5) provide an explanation of why the requested information is unavailable or cannot be provided by the servicer. 12 U.S.C. § 2605(e)(2)(A) - (C). A servicer may choose a method of response; there is no duty comply with all three. *Weinert v. GMAC,* 2009 WL 3190420 * 8 (E.D. Mich. Sept. 29, 2009). If a loan servicer violates § 2605(e), the borrower is entitled to actual damages. 12 U.S.C. § 2605(f).

In this case, Plaintiff does not point to a QWR she sent to any of the Defendants. Plaintiff

9

does not allege any facts to support any claim under RESPA. Plaintiff's claim under RESPA must be dismissed for failure to state a claim upon which relief may be granted.

### H. FTCA

Plaintiff cites the Federal Trade Commission Act in her Complaint, or the "Unfair and Deceptive Acts and Practices Act." Defendants argue there are no facts regarding any deceptive practices by Defendants.

The FTCA does not provide a private cause of action to individuals. *McLehan v. Chase Home Fin., LLC,* 2010 U.S. Dist. LEXIS 74576 at 9-10 (E.D. Mich. Jul. 2, 2010). Plaintiff's claim under the FTCA must be dismissed for failure to state a claim upon which relief may be granted.

### I. MCL § 600.2109

Plaintiff also cites MCL § 600.2109 in her Complaint. Defendants argue this statute is inapplicable to the case.

MCL § 600.2109 is a rule for the introduction of evidence in court, that a duly filed and recorded instrument or a certified copy of such "may be read in evidence in any court." The statute does not regulate recording of instruments or create any cause of action. *Evangelist v. Green Tree Servicing, LLC,* 2013 U.S. Dist. LEXIS 76875, 21-22 (E.D. Mich. May 31, 2013). Since there is no cause of action under this statute, any claim by Plaintiff under MCL § 600.2109 must be dismissed for failure to state a claim upon which relief may be granted.

### J. Plaintiff's Motion for Summary Judgment

Because Plaintiff's claims under the Complaint fail to state a claim upon which relief may be granted, Plaintiff's Motion for Summary Judgment, which the Court also considers as a response to the motions to dismiss, must be denied. Plaintiff has not carried her burden in stating any claim

against the Defendants, even construing the Complaint liberally.

### III.	CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss filed Defendants FNMA and Seterus (No. 19, 7/8/13) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss and Concurrence filed by Defendant Bank of America (No. 24, 7/25/13) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Plaintiff (No. 26, 7/30/13) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


        S/Denise Page Hood  
        Denise Page Hood  
        United States District Judge

Dated: December 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 30, 2013, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry  
        Case Manager